■ In the Matter of the Claim of WILLIAM ALBERTSON, Appellant. ISADOR LUBIN, as Industrial Commissioner, Respondent. In the Matter of COMMUNIST PARTY, U. S. A., et al., Appellants. ISADOR LUBIN, as Industrial Commissioner, Respondent.— Appeals from decisions of the Unemployment Insurance Appeal Board. Claimant-appellant Albertson was employed by the Communist Party,

U. S. A., as an assistant labor secretary and testified that·his duties were the study of wage trends in the labor movement and preparation of analyses of proposed labor legislation. On July 16, 1956, being unemployed, he filed a claim for unemployment insurance benefits, stating that part of the base period to qualify him for benefits was in employment with the Communist Party; and part with other employers. The Industrial Commissioner denied claimant benefits and suspended the registrations of the National and State Communist parties as contributing employers. On appeal, the Unemployment Insurance Appeal Board affirmed the determinations. The reason for the suspension of the parties is that they constituted a criminal conspiracy and had been outlawed by Congress in the Communist Control Act (68 U. S. Stat. 775), which enacted (§ 3) that the Communist Party is "not entitled to any of the rights, privileges, and immunities attendant upon legal bodies * * * and whatever rights, privileges, and immunities which have heretofore been granted * * * are hereby terminated ". The proof is that for 20 years the State Department of Labor had accepted unemployment contributions from the parties (National and State) and the record shows that tax payments under the Federal Unemployment Tax Act are currently being paid by the two Communist parties to the United States Bureau of Internal Revenue. No criminal or conspiratorial act is shown in the record as to the claimant's actual work for the Communist Party. The basis of his disqualification is that all the employer's activities are outlawed. The record demonstrates that the Federal Government has not taken any steps to deprive the Communist Party of an ability to perform certain functions of existence, such as renting an office, hiring employees, using the post office or obtaining telephone service in pursuance of the Communist Control Act of 1954. No doubt the State of New York could take such steps in this direction as it might deem warranted. But having permitted the Communist Party to hire and pay the claimant as an employee and to have and maintain offices and to permit cliamant to work in its offices, and to file and pay unemployment insurance taxes, the benefits of such payments should be paid in accordance with law. Besides this, the claimant himself is not shown on the record to be deprived by any law of the United States or of the State of New York of unemployment insurance benefits. No personal disability arising from any personal criminal activity in which he took part is shown in the record to arise from any statute, nor is it demonstrated he is outlawed or deprived of civil rights. As far as the employer is concerned the requirement to pay an unemployment insurance tax is not an "immunity and right " within the Federal statute, where the employer has been allowed by the State to exist and has been allowed the exercise of other forms of existence, and we see no reason grounded in law why it should not pay the usual tax. We do not hold that the State may not prevent the Communist Party from engaging in any activity of existence, such as hiring employees or renting quarters; nor do we hold that if a particular hiring is itself shown to be criminal in the actual employment, that the employee is then entitled to benefits for the period of such employment. But if the State permitted the employer to hire employees, with knowledge derived from the payment of taxes and reports made for many years that such employees were hired and working, there seems no legal ground for not applying the tax and granting the benefits as provided by law. This is not based on a principle of estoppel, but is a statutory effect of allowing the employment and taking the tax based on it. If it were demonstrated that a specific employment were criminal as distinguished from a status attaching to. the. employer itself, a different result might become permissible as to the claim for benefits arising from such an employment, but that is not the showing of the reason. Decision reversed, without costs and claim

remitted to the Unemployment Insurance Appeal Board for further proceedings. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.